*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF NEW YORK*

# JUDGMENT IN A CIVIL CASE

**CHRISTOPHER WALTERS,**
**Plaintiff,**

**vs.** **6:22-cv-1141 (MAD/TWD)**

**CAMP SAVER, LLC,**
**Defendants._**

---

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' motion for default judgment (Dkt. No. 13) is **GRANTED in part** and **DENIED in part**; and the Court further **ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 13) is **GRANTED** with respect to the injunctive relief Plaintiff seeks; and the Court further **ORDERS** that the Defendant remediate its website to bring it in compliance with federal regulations and review the DOJ guidelines regarding ADA website compliance and make all parts of the website accessible to screen-readers **within sixty (60) days** after the issuance of this order; and the Court further **ORDERS** that the Plaintiff's motion for default judgment (Dkt. No. 13) is **DENIED** with respect to the monetary damages with leave to submit the required documentation within **fourteen (14) days** after the issuance of this order; and the Court further **ORDERS** that Pursuant to 42 U.S.C. § 12188(a)(2), Defendant, and all persons and entities in privity, combination, participation or acting in concert with Defendant, including but not limited to its agents, servants, employees, franchisees, distributors, licensees, successors and assigns, attorneys, officers and directors, whether on behalf of any other business entity heretofore or hereafter created, shall take the following steps necessary to bring its Website, https://www.campsaver.com/, into full compliance with the requirements set forth in the ADA and its implementing regulations, so that it is fully accessible to and independently usable by blind individuals. To ensure Defendant's remediation plan is sufficient, Defendant shall: a. retain, at its expense, ADASure ("Mutually Agreed Upon Consultant"), who shall assist Defendant in improving the accessibility of its Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA") by conducting (1) an accessibility audit on critical use paths within https://www.campsaver.com/for conformance with WCAG 2.0 (AA) standards; (2) a 2-day onsite combined Developer/QA training session; and (3) monthly testing for a period of two years after the Mutually Agreed Upon Consultant verifies Defendant's website conforms with WCAG 2.0 (AA) in a Letter of Conformance; b. work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA; c. work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a monthly basis to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis; d. work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a

periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis; e. incorporate all of the Mutually Agreed Upon Consultant's recommendations within **sixty (60) days** after the issuance of this order; f. directly link from the footer on each page of the Website a statement that indicates that Defendant is making efforts to maintain and increase the accessibility of its Website to ensure that persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Defendant through the Website; g. work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Website, along with an e-mail address and toll-free phone number to report accessibility-related problems; h. provide a notice, prominently and directly linked from the footer on each page of the Website, soliciting feedback from visitors to the Website on how the accessibility of the Website can be improved. The link shall provide a method to provide feedback, including an accessible form to submit feedback or an email address to contact representatives knowledgeable about the Web Accessibility Policy; i. provide a copy of the Web Accessibility Policy to all web content personnel, contractors responsible for web content, and Client Service Operations call center agents ("CSO Personnel") for the Website; j. train no fewer than three of its CSO Personnel to automatically escalate calls from users with disabilities who encounter difficulties using the Website. Defendant shall have trained no fewer than three of its CSO personnel to timely assist such users with disabilities within CSO published hours of operation. Defendant shall establish procedures for promptly directing requests for assistance to such personnel including notifying the public that customer assistance is available to users with disabilities and describing the process to obtain that assistance; and, k. modify existing bug fix policies, practices, and procedures to include the elimination of bugs that cause the Website to be inaccessible to users of screen reader technology; and the Court further **ORDERS** that Plaintiff, his counsel, and experts may monitor the accessibility of the Website for up to two (2) years after the date of the Mutually Agreed Upon Consultant's Letter of Conformance. To this end, Plaintiff, through his counsel and experts, shall be entitled to consult with the Mutually Agreed Upon Consultant at their discretion, and to review any written material the Mutually Agreed Upon Consultant provides Defendant; and the Court further **ORDERS** that the Court shall retain jurisdiction for a period of **two (2) years** after the date of the Mutually Agreed Upon Consultant's Letter of Conformance to ensure Defendant has adopted and implemented adequate accessibility maintenance policies; and the Court further **ORDERS** that Plaintiff, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), supplemented, 483 U.S. 711 (1987), and *Garrity v. Sununu*, 752 F.2d 727, 738-39 (1st Cir. 1984), the fee petition may include the costs to monitor Defendant's compliance with the permanent injunction; and the Court further **ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor; and the Court further **ORDERS** that the Clerk is directed to **close this case**, all of the above pursuant to the Memorandum-Decision and Order of the Honorable Judge Mae A. D'Agostino, dated the 9th day of January, 2024.

DATED: January 9, 2024

John Domurad

Clerk of Court

By: s/Britney Norton, Deputy Clerk